UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANFORD IRONIO FERNANDES,<br><br>     Plaintiff,<br><br>  v.<br><br>WARDEN, ADMINISTRATOR, ADELANTO ICE PROCESSING CENTER et al.,<br><br>     Defendants. | Case No.  5:26-cv-03102-SB-SSC<br><br><br>ORDER DENYING TEMPORARY RESTRAINING ORDER |

Petitioner Sanford Ironio Fernandes, a citizen of India, has been detained by Immigration and Customs Enforcement (ICE) since June 12, 2025.  On June 5, 2026, he filed a petition for a writ of habeas corpus and an ex parte application for a temporary restraining order (TRO) seeking immediate release from detention, or in the alternative, a bond hearing.  The TRO application is denied.

I.

Petitioner is a citizen of India who entered the United States in 2019 as a visa holder.  He applied for adjustment of status based on his marriage to a U.S. citizen, but the application was denied.  Dkt. No. 1 ¶¶ 13–18.  He was detained on June 12, 2025, and has remained at the Adelanto ICE Processing Center since then. *Id.* ¶ 19.  On April 21, 2026, an immigration judge ordered him removed in absentia to India.  Petitioner's appeal of that order is currently pending before the Board of Immigration Appeals (BIA).  Dkt. No. 1 ¶¶ 20–21.

Petitioner states that he has not received a bond hearing during his detention, but the government provides records of bond hearings on December 15 and January 29, as well as a custody redetermination on February 12, 2026.  Dkt. No. 9-2–4.  He states that he is subject to ongoing criminal proceedings, and his Department of Homeland Security (DHS) records, provided by the government, note that he was convicted of robbery in 2022—for which he served a two-day

1

sentence—and has a pending assault charge from 2023.  Dkt. No. 9-1.  Petitioner also underwent emergency cardiac surgery and was hospitalized from May 6 to May 11, 2026.  *See* Dkt. No. 1 at 64–87 of 122.

On June 5, 2026, proceeding pro se, Petitioner filed a petition for a writ of habeas corpus and an ex parte application for a TRO.  Dkt. Nos. 1, 2.  He argues that his medical condition and ongoing detention without a bond hearing violate his Fifth Amendment due process rights.  He seeks an order requiring his release or, in the alternative, a bond hearing at which the government must demonstrate by clear and convincing evidence that he poses a flight risk or danger to the community.  The Court ordered the government to file an expedited response to the TRO application.  Dkt. No. 8.  The government opposed the application, arguing that Petitioner has received multiple bond hearings and that complaints about the quality of his medical care are not a basis to seek release.  Dkt. No. 9.

II.

To obtain preliminary relief, a movant must establish:  (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury, (3) that the balance of hardships tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (noting that the TRO and preliminary injunction standards are substantially the same).  In the Ninth Circuit, a preliminary injunction may also issue where there are "serious questions going to the merits" and a "balance of hardships that tips sharply toward the plaintiff," provided the other *Winter* elements are also met.  *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1190 (9th Cir. 2024) (cleaned up).  "A preliminary injunction is an extraordinary remedy never awarded as of right," but only "upon a clear showing that the plaintiff is entitled to such relief."  *Winter*, 555 U.S. at 22, 24.

Here, Petitioner has not shown a likelihood of success or raised serious questions on the merits sufficient to warrant preliminary relief.

1. Petitioner argues that he has been "detained by ICE since June 12, 2025" and has "never received" the constitutionally required bond hearing, in violation of his Fifth Amendment due process rights.  Dkt. No. 2 at ¶¶ 3, 77.  These assertions are contradicted, however, by the government's exhibits, which reflect three separate custody determination proceedings.  Dkt. Nos. 9-2, 9-3, 9-4.

2

Petitioner does not identify any process due, other than a bond hearing, of which he has been deprived.  The Ninth Circuit has made clear that the Fifth Amendment due process standard "remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context."  *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).  Even assuming that Petitioner has a significant liberty interest, the government has a "strong interest" in enforcing the immigration laws.  *Id.* at 1208.  Petitioner neither addresses *Rodriguez Diaz* nor explains why the three custody proceedings he received—at which the government bore the burden to demonstrate by clear and convincing evidence that Petitioner posed a significant flight risk—failed to satisfy due process.  He also does not identify any deficiencies with the bond hearings he received or address whether he appealed those determinations to the BIA.  In light of the record showing that Petitioner received multiple bond hearings and his failure to identify any additional process that is constitutionally required, he has not shown that he is entitled to release or an additional bond hearing.

2.  Petitioner also fails to establish that he was denied medical care in violation of his Fifth Amendment rights.  Courts have recognized that immigration detainees may seek habeas relief under 28 U.S.C. § 2241 when allegedly unconstitutional conditions of confinement, including inadequate medical care, render their continued detention unlawful.  *See, e.g., Bent v. Barr*, 445 F. Supp. 3d 408, 416 (N.D. Cal. 2020) (noting that claims for deliberate indifference to medical needs by civil detainees arise under the Fifth Amendment); *Diana Garrido v. Markwayne Mullin et al.*, No. 5:26-CV-02230-AB, 2026 WL 1250271 (C.D. Cal. May 1, 2026) (applying "deliberate indifference" standard to claim of inadequate medical care by immigration detainee).  To state a due process claim based on inadequate medical care, a detainee must show that the defendant made an intentional decision that exposed the detainee to a substantial risk of serious harm, failed to take reasonable available measures to abate that risk despite its obviousness, and thereby caused the detainee's injuries.  *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

Petitioner argues that the Adelanto facility cannot provide the specialized follow-up care his treating physicians recommended and that he could otherwise access if released.  Dkt. No. 2 at ¶¶ 73–74.  Even assuming that Petitioner may pursue his inadequate-medical-care claim through this § 2241 proceeding (which the government disputes), he has not plausibly alleged a due process violation.  Petitioner identifies the care he contends is medically necessary—serial troponin testing, echocardiograms, CT angiography, and cardiology follow-up—but does not allege that he has requested and has been denied this care while in detention,

3

that the care is unavailable at Adelanto, or that detention officials have otherwise indicated they will not provide it.  Dkt. No. 2 at ¶¶ 73–74.  The records attached to his petition show that he received emergency inpatient care beginning May 6, 2026, remained hospitalized for approximately five days, and was discharged after a follow-up evaluation at which he denied cardiac symptoms, reported no new complaints, and was assessed as stable for discharge.  Dkt. No. 1 at 83.  On this record, Petitioner has not demonstrated a likelihood of success or raised serious questions on the merits as to whether the government will imminently and deliberately place him at substantial risk of harm.  *Gordon*, 888 F.3d at 1125.  Moreover, even assuming a Fifth Amendment violation could ultimately be established, it is not apparent that release—as opposed to an order requiring additional medical care—would be the appropriate remedy.  *See Dawson v. Asher*, 447 F. Supp. 3d 1047, 1050 (W.D. Wash. 2020) (denying request for TRO on Fifth Amendment claim arising from medical concerns in detention where detainee failed to show violation and "provide[d] no authority under which such a violation would justify immediate release, as opposed to injunctive relief").

## III.

Because Petitioner has not shown a likelihood of success or raised serious questions on the merits of either claim, the Court need not consider the remaining *Winter* factors.  *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) ("Likelihood of success on the merits is the most important factor; if a movant fails to meet this threshold inquiry, [the court] need not consider the other factors.") (cleaned up).  Accordingly, the TRO application is denied.

The Court will defer ruling on the merits of the habeas petition pending the completion of the parties' briefing.  Petitioner may file a reply addressing the government's opposition by June 19, 2026.  The government may file a surreply by June 26, 2026.  If Petitioner fails to timely file a reply, the Court may deem the petition submitted on the existing record.

Date: June 12, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge

4