UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

SANFORD IRONIO FERNANDES,

     Petitioner,

v.

WARDEN, ADMINISTRATOR,
ADELANTO ICE PROCESSING
CENTER et al.,

     Respondents.

Case No.  5:26-cv-03102-SB-SSC

ORDER DENYING PETITION
FOR A WRIT OF HABEAS
CORPUS

Petitioner Sanford Ironio Fernandes is a citizen of India who entered the United States in 2019 on a visa.  On April 21, 2026, an immigration judge ordered him removed in absentia to India.  Petitioner's appeal of that order is currently pending before the Board of Immigration Appeals (BIA).  Dkt. No. 1 ¶¶ 20–21. He has been detained by Immigration and Customs Enforcement (ICE) since June 12, 2025 and recently underwent cardiac surgery.

On June 5, 2026, he filed a petition for a writ of habeas corpus and an ex parte application for a temporary restraining order (TRO) seeking immediate release from detention, or in the alternative, a bond hearing.  He argued that his medical condition and ongoing detention without a bond hearing violated his Fifth Amendment due process rights.  The government opposed the application, arguing that Petitioner has received multiple bond hearings and that complaints about the quality of his medical care are not a basis to seek release.  Dkt. No. 9.

The Court denied the TRO application and ordered the parties to file a reply and sur-reply.  Dkt. No. 10.  Petitioner was cautioned that failure to timely reply would result in the petition being deemed submitted on the existing record. Petitioner did not file a reply; the government filed a response reiterating its arguments in opposition to Petitioner's TRO.  Dkt. No. 11.

1

A district court may grant habeas relief to a petitioner who demonstrates that he is in custody in violation of federal law.  28 U.S.C. § 2241(c)(3); *see Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (stating that § 2241 permits federal courts to grant habeas relief to aliens detained "in custody in violation of the Constitution or the laws or treaties of the United States").

For the reasons set forth in the Court's order denying the TRO application, Petitioner has not shown he is entitled to habeas relief.  Petitioner has not rebutted the government's evidence that he received three custody determination proceedings, and he does not address whether he appealed those determinations to the BIA or identify any deficiencies in those proceedings that would support habeas relief.  Dkt. Nos. 9-2, 9-3, 9-4 (bond hearing records).  His argument that he has been detained without a bond hearing in violation of his Fifth Amendment due process rights therefore fails.  Dkt. No. 2 ¶¶ 3, 77.  He also has not shown that he received inadequate medical care or that Respondents were deliberately indifferent to his medical needs.  *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (due process claim based on inadequate medical care requires showing that the defendant exposed the detainee to a substantial risk of serious harm and failed to take reasonable available measures to abate that risk); Dkt. No. 1 at 83 (documenting that Petitioner received emergency inpatient care beginning May 6, 2026, remained hospitalized for approximately five days, and was discharged after a follow-up evaluation at which he denied cardiac symptoms, reported no new complaints, and was assessed as stable for discharge).

Accordingly, Petitioner's petition for a writ of habeas corpus is denied. Judgment shall be entered separately.

Date: July 6, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge